NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Lorraine ARMOUR,

    Plaintiff,

v.

SALLIE MAE, INC.,

    Defendant.

Civ. No. 10-3740

OPINION & ORDER

THOMPSON, U.S.D.J.

## I. INTRODUCTION

This matter comes before the Court upon Defendant's Motion to Dismiss [docket # 4]. The Court has decided the motion upon consideration of the parties' written submissions, without holding oral argument. For the reasons given below, the motion is denied.

## II. BACKGROUND

Plaintiff Lorraine Armour, who is presently conducting this lawsuit pro se, commenced this action on July 2, 2010 in New Jersey Superior Court. Defendant Sallie Mae, Inc. is the creditor on a student loan for which Plaintiff is the borrower. Plaintiff alleges that Defendant erroneously reported to the three consumer credit rating companies—Equifax, Transunion, and Experian—that she was late in making two loan payments in December 2009 and January 2010. She states that she has contacted both Sallie Mae and the credit rating companies to dispute this report. She contends that while at least one of the credit rating agencies temporarily took the disputed information off her credit report, it has since reappeared. She further alleges that, as a result of these late payment reports, her credit rating has been damaged, and Citibank has reduced the credit line on her credit card. Plaintiff attached copies of her correspondence with

Experian, Defendant, and Citibank to her Complaint, and she attached copies of additional items of correspondence with the three credit rating companies to her opposition to the instant motion. Defendant removed this case to federal court on July 23, 2010 and filed this motion in lieu of answer on August 6, 2010.

## III. ANALYSIS

### A. Standard of Review

A defendant may move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). By rule, a "claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Therefore, if a complaint does not "show[] that the pleader is entitled to relief," it "fails to state a claim" and should be dismissed.

In order to show an entitlement to relief, a plaintiff must plead sufficient factual matter to enable a court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). As the Third Circuit has noted, this requires the Court to undertake a two-step analysis:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009) (citing *Iqbal*, 129 S.Ct. at 1949-50). At step one, the Court sets aside any legal conclusions and "recitals of elements of a cause of action." *Iqbal*, 129 S.Ct. at 1949. At step two, the Court accepts the remaining allegations as true and assesses whether or not they support a reasonable inference that the defendant is liable. *Id.* Rather than alleging facts that are "'merely consistent with' a defendant's liability," the complaint must allege facts that, if true, "give rise to an entitlement to

2

relief." *Id.* at 1949-50 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). In other words, an inference of liability is not reasonable—and thus dismissal is required—if the factual allegations in the complaint are more likely explained by lawful behavior than unlawful behavior. *Id.* at 1950.

In performing this analysis, the judge may only assess the plausibility of the plaintiff's legal claims in light of the facts alleged. The judge may not assess the plausibility of the alleged facts themselves. The Court must accept well-pleaded facts as true (*id.*), even if "actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556.

### B. The Fair Credit Reporting Act

While Plaintiff's Complaint does not state the law under which she brings her claims, Defendants construed this lawsuit as an action brought under the Fair Credit Reporting Act ("FCRA" or "the Act"), 15 U.S.C. § 1681 et seq. More specifically, Defendants have interpreted her lawsuit as an action for violation of section 623(b) of the Act, which is codified at 15 U.S.C. § 1681s-2(b). In her opposition brief, Plaintiff appears to confirm that this is the law under which she seeks relief. (*See* Def.'s Opp'n Br. 1.) The FCRA regulates the manner in which consumer credit reporting companies—which the Act refers to as "consumer reporting agencies"—keep and verify consumer credit information. It also regulates the responsibilities of those entities that furnish data to credit reporting agencies, which are referred to as "data furnishers." Whenever a consumer contacts a consumer reporting agency and disputes information that appears on his or her credit report, the consumer reporting agency must give notice of that dispute to the data furnisher who provided the disputed information. 15 U.S.C. § 1681i(a)(2). Section 623(b) of the Act provides that when a data furnisher receives such a notice, it must investigate the disputed information, review all information provided by the consumer reporting agency, report the results of this investigation back to the consumer reporting agency,

and—if it turns out that the disputed information is incorrect—correct the information and report the correction to the other consumer reporting agencies as well.  15 U.S.C. § 1681s-2(b).  Any person who willfully or negligently violates the Act is liable to a consumer thereby injured.  *See* 15 U.S.C. §§ 1681o; 1681n.  Therefore, an aggrieved consumer may sue any data furnisher whose violation of section 623 causes him or her injury.

The Third Circuit has not yet interpreted § 623(b) of FCRA, but this Court has consistently broken down a claim under that section into three elements that a plaintiff must show: "(1) she sent notice of disputed information to a consumer reporting agency, (2) the consumer reporting agency then notified the defendant furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information."  *E.g.*, *Dimedio v. HSBC Bank*, Civ. No. 08-5521, 2009 WL 1796072, at *3 (D.N.J. June 22, 2009) (quoting *Martinez v. Granite State Mgmt. and Res.*, No. 08-2769, 2008 WL 5046792, at *3 (D.N.J. Nov. 20, 2008).

Defendant contends that Plaintiff has not pled facts that satisfy the second and third of these elements.  The Court, however, finds that Plaintiff has carried her burden at this stage of the proceedings.  By sole virtue of the fact that Plaintiff filed a dispute with the consumer reporting agencies, it would be plausible to infer that the agencies had in turn notified Defendant of Plaintiff's dispute, since, as was explained above, consumer reporting agencies are required by law to contact data furnishers whenever they receive notice of such a dispute from a consumer.  15 U.S.C. § 1681i(a)(2).  This general expectation is confirmed in this particular case by a letter attached to the Complaint from Experian to Plaintiff.  In that letter, Experian states that, as part of its dispute procedures, its personnel "contact the source of the [disputed] information through an automated system or letter."  Since the information at issue in this case concerns loan payments Plaintiff owed to Sallie Mae, this letter shows, or at least strongly suggests, that Experian contacted Sallie Mae about Plaintiff's dispute.  Accordingly, this Court concludes that

the allegations of the Complaint support an inference that the second element of Plaintiff's claim is satisfied.

The Court may infer the third element of Plaintiff's claim from Plaintiff's allegation that she made her required loan payments to Sallie Mae in December 2009 and January 2010. If Plaintiff, as she claims, made her required loan payments on time, then it follows that any report to the contrary is inaccurate and that Sallie Mae should have corrected this information when the consumer reporting agencies notified it of the dispute. Plaintiff has alleged that Sallie Mae did not do so. Consequently, the Court concludes that Plaintiff has successfully stated a violation of 15 U.S.C. § 1681s-2(b) and has accordingly stated a claim for relief under 15 U.S.C. §§ 1681n & 1681o.

### C. Possible State Law Claims

Citing the FCPA's preemption provision—15 U.S.C. § 1681t(b)—Defendant seeks a blanket order dismissing all state law claims Plaintiff might allege in this matter. Defendant does not try to identify and argue for the dismissal of any specific state law causes of action in its moving briefs, and it is unclear what, if any, state law claims Plaintiff seeks or might seek to assert in this matter. Given this uncertainty, the Court does not, at this time, offer any opinion as to what effect the FCPA preemption provision has in this case.

### IV. CONCLUSION

For the foregoing reasons, IT IS, this 14th day of September, 2010,

ORDERED that Defendant's Motion to Dismiss [4] is DENIED.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.